# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**BRYCE BRANDON HEISSER**                                                 **PETITIONER**

**v.**                                                                              **No. 3:19CV7-MPM-RP**

**HAROLD TAYLOR, ET AL.**                                                     **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Bryce Brandon Heisser for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Mr. Heisser has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

### Facts and Procedural Posture

In the instant petition, Bryce Brandon Heisser challenges his 2006 conviction and sentence for armed robbery, aggravated assault, and burglary of a dwelling in the Rankin County Circuit Court. On November 1, 2006, a jury found Heisser guilty of armed robbery, aggravated assault, and burglary of a dwelling, and the trial court sentenced Heisser to serve consecutive terms of life in the custody of the MDOC for armed robbery, twenty (20) years for aggravated assault, and twenty-five (25) years for burglary of a dwelling house. *See* Exhibit A[1] (Judgment of Convictions and Sentence Instanter, Rankin County Circuit Court, Cause No. 17,353).

---

[1] The exhibits referenced in the instant memorandum opinion may be found in the State's motion to dismiss.

On April 5, 2007, Mr. Heisser filed a Motion for Production of Trial Transcripts and Relevant Documents in Rankin County Circuit Court Cause No. 17,353, which the circuit court denied. Heisser then filed a Motion for Reconsideration, which the circuit court also denied. He sought an appeal of the denial of his Motion for Reconsideration, and the State filed a motion to dismiss for lack of jurisdiction or lack of an appealable judgment, which the Mississippi Court of Appeals granted. *See* SCR, Cause No. 2008-CP-1209; *see also* SCR, Cause No. 2015-KA-1046-COA, Vol. 1.

Mr. Heisser signed a "Petition for Post-Conviction Relief" on November 23, 2009, which was filed in the Rankin County Circuit Court on December 7, 2009 (Cause No. 09-312); in it, he argued that trial counsel was ineffective for not appealing his convictions and sentences and requested an out-of-time appeal. *See* Exhibit E. On January 8, 2010, the Rankin County Circuit Court dismissed the petition as time-barred and without any exceptions, as a jury had convicted Heisser of the underlying crimes on November 1, 2006. *Id*.

The trial court granted Heisser an out-of-time appeal eight years later on June 30, 2015 (Exhibit B), and on November 1, 2016, the Mississippi Court of Appeals affirmed Heisser's convictions and sentences. *See Heisser v. State*, 213 So. 3d 544 (Miss. Ct. App. 2016), *reh'g denied*, March 14, 2017 (Cause No. 2015-KA-01046-COA). He did not seek *certiorari* review in the Mississippi Supreme Court.

Mr. Heisser signed an "Application for Leave to Proceed in the Trial Court," along with his "Motion for Post-Conviction Relief" (collectively the "PCR motion") on August 15, 2018; it was stamped as filed in the Mississippi Supreme Court on August 28, 2018. *See* SCR, Mississippi Supreme Court Cause No. 2018-M-1223. On November 8, 2018, the Mississippi Supreme Court found all of Heisser's claims to be without merit and denied his PCR motion. Exhibit D. Heisser

signed the instant petition on December 5, 2018; it was stamped as "filed" in this court on December 20, 2018. ECF doc. 1. Thus, absent statutory or equitable tolling, the petition was untimely filed.

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

His convictions and sentences became final on March 28, 2017, fourteen (14) days after the Mississippi Court of Appeals denied Heisser's motion for rehearing. *See* State Court Record (SCR), Mississippi Court of Appeals Cause No. 2015-KA-1046-COA; *see also* 28 U.S.C. § 2244(d); *see also* Miss. R. App. P. 17(b) ("a petition for writ of *certiorari* for review of the decision of the Court of Appeals must be filed in the Supreme Court . . . within fourteen (14) days from the date of entry of judgment by the Court of Appeals on the motion for rehearing."); *see also Roberts v. Cockrell*, 319

F.3d 690 (5th Cir. 2003). Heisser's petition for a writ of *habeas corpus* thus became due in this court by March 28, 2018 (March 28, 2017 + 1 year).

### Mr. Heisser Does Not Enjoy Statutory Tolling

Mr. Heisser signed his PCR motion on August 15, 2018, and it was stamped as filed in the Mississippi Supreme Court on August 28, 2018. SCR, Mississippi Supreme Court Cause No. 2018-M-1223. Because Mr. Heisser's PCR motion was submitted *after* March 28, 2018 (the expiration of the federal *habeas corpus* limitations period), he is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) during the pendency of that motion. As such, Mr. Heisser's federal *habeas corpus* deadline remained March 28, 2018.

### Mr. Heisser Does Not Enjoy Equitable Tolling

In paragraph 18 of his petition, Mr. Heisser states that his "claims cannot be procedurally barred because a denial of due process was the product of ineffective [assistance] of counsel. Therefore, the A.E.D.P.A. does not apply to this petition." ECF doc. 1, p. 13. He does not explain this claim further. In his petition, his ineffective assistance of counsel claim is that "counsel failed to investigate and interview witnesses." Doc. 1 at 25. The court has construed these allegations as an attempt to invoke equitable tolling of the federal *habeas corpus* limitations period. However, counsel's deficiencies during trial, if any, are unrelated to the timeliness of Mr. Heisser's *habeas corpus* petition. This claim is thus without merit, and Mr. Heisser's deadline, March 28, 2018, remains unchanged.

In his response to the State's motion to dismiss, Mr. Heisser also argues that the untimeliness of his petition should be excused because he did not understand the interplay between the State's three-year limitations period for seeking post-conviction collateral relief and the Federal one-year limitations period for seeking *habeas corpus* review. Doc. 9 at 7-8. This equitable tolling argument is

likewise without merit. These allegations do not rise to the level of "rare and exceptional circumstances" sufficient to justify the doctrine of equitable tolling. *See Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000), *cert. denied,* 121, S.Ct.498 (2001). Mere ignorance of the law by an incarcerated *pro se* prisoner does not justify equitable tolling of the statute of limitations. *Alexander v. Cockrell*, 294 F.3d 626, 630 (5th Cir. 2002) (citing *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)).

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on December 5, 2018, and the date it was received and stamped as "filed" in the district court on December 20, 2018. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed over eight months after the March 28, 2018, filing deadline. For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 16th day of October, 2019.

> /s/ MICHAEL P. MILLS
> **UNITED STATES DISTRICT JUDGE**
> **NORTHERN DISTRICT OF MISSISSIPPI**